UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rania Assily, | ) | CASE NO. 1:23 CV 629 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Cuyahoga Community College District, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Currently pending is Plaintiff's Motion to Remand Case to the Cuyahoga County Court of Common Pleas (Doc. 5). Also pending is Defendants' Motion to Dismiss Complaint (Doc. 4) and Defendants' Motion to Strike (Doc. 8). This case arises out of plaintiff's employment with defendant. For the reasons that follow, the motion to strike is DENIED, and the motion to remand is GRANTED. Because this matter was improperly removed, the Court will not address the pending motion to dismiss.

**FACTS**

Plaintiff filed this case in state court in January of 2022 against defendants Cuyahoga

1

Community College District ("College"), a number of employees of the College, and Benjamin Smith. The complaint alleges wrongdoing in connection with plaintiff's employment. Plaintiff is a professor at the College. The dispute centers around statements plaintiff made during a colloquium hosted by the College. According to the complaint, certain individuals viewed the statements as too conservative and accused plaintiff of racism. An investigation into the incident was performed. The investigation found that plaintiff did not engage in wrongdoing, but recommended that plaintiff be provided with "supervisory support to address the 'lingering effects'" of the situation. Plaintiff alleges that this "nebulous recommendation is a continued violation of [plaintiff's]... First Amendment Right to Free Speech...." Subsequently, the College sought out proposals for a second colloquium, but rejected plaintiff's proposal. Thereafter, plaintiff filed this lawsuit. The initial complaint contains five claims for relief. Count one is a claim for breach of contract. Count two is a claim for "Intentional Deviation From A Clear Duty; For Voluntary and Intentional Disregard A Known Legal Duty." Count three is a claim for "damages," and count four alleges defamation and libel. Count five is a claim for intentional infliction of emotional distress.

Defendants did not initially remove this matter to federal court. Instead, defendants filed a motion to dismiss in state court. The state court granted the motion in part. Defendants argued that the federal Labor Management Relations Act ("LMRA") preempts plaintiff's breach of contract claim. Defendants further argued that it was not clear what plaintiff intended to assert in connection with count two. According to defendants, plaintiff failed to state a claim for First Amendment retaliation. Defendants supported their argument by citing exclusively to federal law. Defendants also argued that count two did not sufficiently state a claim for defamation.

2

The state court granted defendants' motion with respect to counts one and two. The court determined that count one is subject to a collective bargaining agreement, and plaintiff failed to avail herself of the grievance procedure. The court further held that count two appeared to be a claim for vicarious liability, but allowed plaintiff to file an amended complaint in the event the state court's analysis was incorrect.

Plaintiff filed an amended complaint in state court. The amended complaint contains five claims. The claims are largely the same. With regard to count two, however, plaintiff renamed the claim "Damages Against TRI-C For Intentional Deviation From A Clear Constitutional Duty; For Voluntary and Intentional Disregard Its Known Constitutional Duty; 42 U.S.C. 1983, First Amendment Retaliation; And R.C. Section 3345.0211, et seq. Violations." Although plaintiff added certain factual allegations within count two, many of the allegations appear verbatim in the original complaint.

Based on the filing of the amended complaint, defendants removed this matter to federal court. According to defendants, removal is proper in that defendants filed the notice of removal within 30 days of the "first pleading" giving rise to federal jurisdiction.

**ANALYSIS**

Plaintiff moves to remand this matter on the grounds that federal jurisdiction existed with respect to the initial complaint. Plaintiff claims that over one year has passed since plaintiff filed the complaint, and defendants notice of removal is therefore untimely. Defendants oppose the motion.

Also pending is defendants' motion to strike plaintiff's motion to remand. The Court will address this motion first. According to defendants, plaintiff is represented by counsel and

improperly filed a *pro se* motion. Defendants argue that counsel entered an appearance in state court and must seek to withdraw before plaintiff should be permitted to proceed *pro se*.

Upon review, the motion to strike is denied. Although defendants correctly note that parties represented by counsel cannot submit *pro se* filings, counsel for plaintiff is not currently permitted to practice in the Northern District of Ohio. Therefore, as reflected on the docket, plaintiff is currently proceeding *pro se*. Since the Court did not allow counsel to enter an appearance in this matter, the Court will permit plaintiff's *pro se* filing.

Turning to the motion to remand, the Court finds that remand is required. The parties focus on when federal jurisdiction arose at the time of the filing of the original complaint with respect to count two.[1] The Court, however, finds that federal jurisdiction arose in the initial complaint with respect to count one, *i.e.*, the breach of contract claim. This Court has an independent obligation to assess federal subject matter jurisdiction. As such, although neither party focused on count one, the Court must do so in order to determine if defendant properly removed this matter.

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

---

[1] Plaintiff filed a notice of dismissal with respect to count two. Plaintiff argues that if she dismisses count two post-removal, then federal jurisdiction is lacking in any event. Because the Court finds that federal jurisdiction existed as of the time plaintiff filed the initial complaint in state court, remand is required. As such, the Court will not address plaintiff's post-removal notice of dismissal.

4

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)(citations and quotations omitted).

Preemption is considered a federal defense.  However, "it is...settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id*. at 394.  An exception exists, however, if "Congress has so completely preempted a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Valinski v. Detroit Edison*, 197 Fed. Appx. 403, 406 (6th Cir. 2006)(*quoting Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  "When Congress has indicated an intent to so completely occupy the field, any ostensibly state law claim is in fact a federal claim for purposes of arising-under jurisdiction." *Valinski*, 197 Fed. Appx. at 406-07.  In other words, any claim purportedly based on a preempted state law is considered a federal claim from the start. *Id*.

> Section 301 of the LMRA is one of but a few statutes under which the Supreme Court has recognized complete preemption. That is, the complete preemption of state law claims by § 301 serves as the federal claim that would ordinarily appear on the face of the well-pleaded complaint.  As this Court has noted, § 301 has an unusually powerful preemptive force over a claim for relief sought exclusively under state law.

*Id*. at 407 (citations and quotations omitted).

This is so because "the possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." *Allis-Chalmbers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)(*quoting Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962)).  Thus, if the state law claim will "require interpretation of, and will depend on an analysis of" terms in the collective bargaining agreement, then removal on the basis of LMRA preemption is proper.

*Crawford v. TRW, Inc.*, 815 F.Supp. 1028, 1036 (1993).

Upon review, the Court finds that defendants' notice of removal is untimely.  As argued by defendants themselves in their initial motion to dismiss filed in state court, plaintiff's breach of contract claim is preempted by Section 301 of the LMRA.  Defendants correctly argued that the claim is dependent upon an interpretation and analysis of Article 27 of the collective bargaining agreement.  The provision provides, in relevant part, as follows:

> A faculty member is also entitled to speak or write free from institutional censorship or sanction, but his special position as a member of a learned profession and as a professional member of this educational institution imposes special obligations upon him. Because the public may judge the profession and the College by his utterances, a faculty member should at all times strive to be accurate, exercise appropriate restraint and show respect of the opinions of others. It is of special importance that in making such public utterances, a faculty member indicates that he is not a spokesman for the College.

(Doc. 1-1 at PageID 154).

Because the Court could not address the breach of contract claim without interpreting this provision, the claim is completely preempted by Section 301 of the LMRA, and federal jurisdiction existed at the time of the filing of the original complaint.  Defendants' notice of removal is untimely, and remand is warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand Case to the Cuyahoga County Court of Common Pleas (Doc. 5) is GRANTED, and  Defendants' Motion to Strike (Doc. 8) is DENIED.  Because remand is required, the Court will not address the pending motion to dismiss.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
Dated: 6/26/23                           United States District Judge